# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

Stephen John Wiczek and
Donna Lorraine Wiczek,

    Debtors.

Chapter 7 Case
Bankr. No. 10-51280

Terri A. Running, Trustee,

    Plaintiff,

vs.

J.C. Schultz Enterprises, Inc.,

    Defendant.

Adv. No. 11-05011

**ANSWER**

For its Answer to the Complaint of Plaintiff Terri A. Running (the "Trustee"), Defendant J.C. Schultz Enterprises, Inc. ("Defendant") states and alleges as follows. Unless otherwise admitted or qualified below, Defendant denies each and every allegation in the Trustee's Complaint.

1. On information and belief, Defendant admits the allegations in Paragraph 1 of the Trustee's Complaint.

2. Defendant admits the allegations in Paragraph 2 of the Trustee's Complaint.

3. On information and belief, Defendant admits the allegations in Paragraph 3 of the Trustee's Complaint.

4. Answering Paragraph 4, Defendant admits that, from time to time, including times leading up to the Debtors filing for bankruptcy, Debtors were indebted to Defendant.

5. Defendant admits the allegations in Paragraph 5 of the Trustee's Complaint.

## COUNT I: 11 U.S.C. § 547

6. Answering Paragraph 6, Defendant admits that the Transfers were made to Defendant, as a creditor, on account of an antecedent debt, and within ninety days of the commencement of the bankruptcy proceeding. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Debtors were insolvent at the time of the Transfers.

7. Defendant denies the allegations in Paragraph 7 of the Trustee's Complaint.

8. Defendant denies the allegations in Paragraph 8 of the Trustee's Complaint.

## COUNT II: 11 U.S.C. § 548

9. Answering Paragraph 9, Defendant restates and realleges the prior paragraphs of this Answer as if fully stated herein.

10. Defendant denies the allegations in Paragraph 10 of the Trustee's Complaint.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11 of the Trustee's Complaint.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12 of the Trustee's Complaint.

13. Defendant denies the allegations in Paragraph 13 of the Trustee's Complaint.

## COUNT III: MINN. STAT. § 513.41, et seq.

14. Answering Paragraph 14, Defendant restates and realleges each of the prior paragraphs of this Answer as if fully stated herein.

15. Defendant denies the allegations in Paragraph 15 of the Trustee's Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Trustee's Complaint.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17 of the Trustee's Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Trustee's Complaint.

**DEFENSES**

1. The Trustee's Complaint fails to state a claim upon which relief can be granted.

2. The Trustee cannot recover the alleged preferential transfers pursuant to 11 U.S.C. § 547(c)(2), because the transfers were (a) payment of a debt incurred by Debtors in the ordinary course of business or financial affairs of Debtors and Defendant; (b) made in the ordinary course of business or financial affairs of Debtors and Defendant; (c) made according to ordinary business terms and further alleges that all of the alleged preferential transfers were within the definition of the "ordinary course" defense.

3. The Trustee cannot recover the alleged preferential transfers to the extent that Defendant gave new value pursuant to 11 U.S.C. § 547(c)(4), and further alleges that new value was given.

4. The Trustee cannot recover the alleged fraudulent transfers to the extent that the Debtors received reasonably equivalent value.

5. The Trustee cannot recover the transfers to the extent Debtors were not insolvent at the time of the alleged transfers.

**WHEREFORE,** Defendant respectfully requests that the Court enter judgment affording the following relief:

1. Denying the relief sought by the Trustee in all respects;

2. Dismissing the Trustee's claims with prejudice;

3. Awarding Defendant its costs and legal fees in defending this action as allowed by applicable law; and

4. For such further relief as the Court deems just and equitable.

Dated: April 15, 2011      */s/ Matthew B. Millis*
Matthew B. Millis (#386904)
Fredrikson & Byron, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402
(612) 492-7293
(612) 492-7077 (fax)
mmillis@fredlaw.com

**Attorney for Defendant**

4911381_1.DOC